IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD DEVONE BALCOM, #158 439, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 1:19-CV-81-WHA |
| | ) [WO] |
| DONALD VALENZA, *et al.*, | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate at the Houston County Jail in Dothan, Alabama. He files this *pro se* 42 U.S.C. § 1983 action alleging a denial of adequate medical care at the jail. Plaintiff's amended complaint names as a defendant Jefferson Dunn, Commissioner of the Alabama Department of Corrections. Doc. 5. After review, the court concludes that dismissal of the amended complaint against Defendant Dunn prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I.  DISCUSSION**

Plaintiff alleges Commissioner Dunn refused to provide Plaintiff with proper medical care for a hernia. Doc. 5. As Commissioner of the Alabama Department of Corrections, Defendant Dunn is not involved in the operations of the county jail, including its provision of medical care to inmates. To the extent Plaintiff names Commissioner Dunn as a defendant based on his supervisory

---

[1] The court granted Plaintiff leave to proceed in this action *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

position, a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."); *see also Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions). Accordingly, Plaintiff's claims against Defendant Dunn on the basis of *respondeat superior* are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 amended complaint against Defendant Dunn be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. This case be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before February 28, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on

appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 14th day of February, 2019.

                /s/Charles S. Coody
                CHARLES S. COODY
                UNITED STATES MAGISTRATE JUDGE