IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD DEVONE BALCOM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:19-CV-81-WHA |
| | ) | [WO] |
| | ) | |
| DONALD VALENZA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on January 28, 2019. In accordance with the orders of the court, Plaintiff filed an amended complaint on February 8, 2019. Doc. 5. On February 14, 2019, the court directed Defendants to file an answer and written report addressing Plaintiff's claims for relief. Doc. 6. In compliance with the court's order, Defendants submitted an answer, written report, and relevant evidentiary materials refuting the allegations in the amended complaint. Doc. 26. Upon review of the written report, the court issued an order directing Plaintiff to file a response to Defendants' answer and written report. Doc. 29. The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the [amended] complaint and as a failure to prosecute this action." Doc. 29 at 2. The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's August 27, 2019, order expired on September 17, 2019. As of the present date, Plaintiff has failed to file a response in opposition to Defendants' report. The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. Plaintiff's inaction in the face of Defendants' report and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the *Federal Rules of Civil Procedure*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that **on or before November 12, 2019**, the parties may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections

will not be considered by the District Court.  The parties are advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of October 2019.

    /s/  Charles S. Coody  
UNITED STATES MAGISTRATE JUDGE